## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **VICTOR BOYD** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **NO. _____** |
| **ENERPLUS RESOURCES (USA)** | § | |
| **CORPORATION, PASON SYSTEMS** | § | |
| **USA, CORP., BOS SOLUTIONS,** | § | |
| **INC., M-I LLC d/b/a M-I DRILLING** | § | |
| **FLUIDS, LLC d/b/a M-I SWACO** and | § | |
| **HALLIBURTON ENERGY SERVICES,** | § | |
| **INC.** | § | |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Victor Boyd, and files his Original Complaint against Defendant Enerplus Resources (USA) Corporation, Pason Systems USA Corp., BOS Solutions, Inc., M-I LLC d/b/a M-I Drilling Fluids, LLC d/b/a M-I SWACO and Halliburton Energy Services, Inc., and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff, Victor Boyd, is an injured individual residing in Marion, Union Parish, Louisiana.

2. Defendant, Enerplus Resources (USA) Corporation, is a foreign corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Denver, Colorado. Defendant Enerplus Resources (USA) Corporation., may be served with process through its registered agent, The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

3.       Defendant, Pason Systems USA, Corp., is a foreign corporation that is formed under the laws of the State of Colorado with its principal place of business in Colorado. Defendant, Pason Systems USA, Corp.,  may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, TX  75201-4234.

4.       Defendant, BOS Solutions, Inc., is a foreign corporation formed under the laws of the State of Colorado with its principal place of business in Colorado.  Defendant, BOS Solutions, Inc.,  may be served with process through its registered agent, The Corporation Company, 1675 Broadway, Ste. 1200, Denver, CO  80202.

5.       Defendant, M-I LLC d/b/a M-I Drilling Fluids, LLC d/b/a M-I SWACO is a foreign corporation formed under the laws of the State of Delaware with its principal place of business in Texas.  Defendant, M-I LLC d/b/a M-I Drilling Fluids, LLC d/b/a M-I SWACO may be served with process through its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, TX  78701.

6.       Defendant, Halliburton Energy Services, Inc., is a foreign corporation formed under the laws of the State of Delaware with its principal place of business in Texas.  Defendant, Halliburton Energy Services, Inc.,  may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, TX  75201-4234.

**B.  JURISDICTION AND VENUE**

7.       This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different States.  All of the corporate and limited liability defendants have engaged in intentional and systematic contacts with the State of Texas.

8.      Venue is proper in this district under the provisions of 28 U.S.C. § 1391(a)(1) because the Defendants are corporations that reside in the District.

## C.  CONDITIONS PRECEDENT

9.      All conditions precedent have been performed or have occurred.

## D.  FACTS

10.     On or about September 8, 2011 Victor Boyd was injured while working on a well location operated and controlled by Defendant, Enerplus Resources (USA) Corporation, (hereinafter referred to as Enerplus) near Watford City, North Dakota.  Plaintiff's employer, Precision Drilling Oilfield Services, Inc., had contracted with Defendant, Enerplus, to perform work on the well location.  While drilling at approximately 6,800 feet, the rig encountered gas pockets.  Although it had control of the location and was responsible for ensuring that the rig was equipped with properly operating gas detector equipment, the equipment was not operational at the time of the explosion.  As a result of the gas pockets, as well as inadequate mud/fluid injection and pressurization, gas escaped to the top of the well, causing a flow-line to separate. The separated line tore a set of electrical cords causing an arc and igniting a fire.  Defendant, Enerplus, negligently performed its activities, and negligently allowed the well to be drilled too close to a prior well, proximately causing the explosion in question. Defendant Halliburton Energy Services, Inc., (hereinafter referred to as Defendant Halliburton) was responsible for directional drilling on the well as well as a prior well located immediately adjacent to the subject well and negligently performed its operations thereby causing the explosion to occur. Defendant Pason supplied data management/reporting systems for the well location and was responsible for the monitoring of gas readings. Defendant Pason failed to properly monitor and detect the presence of gas pockets. Defendants BOS Solutions and  Defendants M-I LLC, d/b/a M-I

Drilling Fluids, LLC d/b/a M-I Swaco (hereinafter referred to as the M-I SWACO Defendants) negligently performed fluid and mud operations, thereby allowing the gas pockets to escape.

As a result of the blast, Plaintiff received severe burns and injuries to his body in general.

### E.  RESPONDEAT SUPERIOR

11.     Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendants' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendants or was done in the normal routine course of the agency or employment of the Defendants.

### F.  NEGLIGENCE OF DEFENDANTS ENERPLUS RESOURCES (USA) CORPORATION

12.     In addition to the other Counts herein, the incident made basis of Plaintiff, lawsuit was proximately caused by the negligence of  Defendant, Enerplus.

13.     Defendant, Enerplus, owed a legal duty to Plaintiff of ordinary care which it and its agents breached by the following acts or omissions including, but not limited to, one or more of the following:

a.     Failing to act as a reasonably prudent person would have acted under the same or similar circumstances;

b.     Failing to provide a safe work environment;

c.     Failing to protect Plaintiff from work-related hazards;

d.     Failing to properly train its employees;

e.     Failing to implement appropriate safety polices;

f.     Improperly securing the hoses/work environment;

g.     Improperly exercising control over a situation that it knew or should have known presented a danger to Plaintiff;

      h.      Improperly installing, monitoring and maintaining equipment on the subject well site;

      i.      Improperly supervising the drilling of the subject well; and

      j.      Failing to ensure that all equipment was operational.

14.     Additional acts and omissions by Defendant, Enerplus may be presented at the time of trial.

15.     As a direct and proximate result of the Defendant, Enerplus' negligence, Plaintiff has suffered severe burns along with serious and disabling injuries to body in general.   In addition, Plaintiff has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

16.     As a result of the injuries sustained, Plaintiff has incurred reasonable and customary doctor and medical expenses for necessary medical treatment and there is a reasonable probability that Plaintiff will incur reasonable expenses for necessary medical care and attention in the future.

17.     Plaintiff has lost earnings in the past and will suffer from lost earning capacity in the future.

18.     By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

### G. NEGLIGENCE OF DEFENDANTS, PASON SYSTEMS USA, CORP.

19.     In addition to the other Counts herein, the incident made the basis of Plaintiff Victor Boyd's lawsuit was proximately caused by the negligence of the Defendant, Pason Systems USA, Corp.  Defendant, Pason Systems USA,  owed a legal duty to Plaintiff of ordinary

care which it breached by the following acts or omissions including, but not limited to, one or more of the following:

    a.    Failing to act as a reasonably prudent person would have acted under the same or similar circumstances;

    b.    Failing to provide a safe work environment;

    c.    Failing to protect Plaintiff from work-related hazards;

    d.    Failing to properly train its employees;

    e.    Failing to implement appropriate safety polices;

    f.    Improperly installing, monitoring and/or performing operations on the subject well location; and

    g.    Improperly exercising control over a situation that it knew or should have known presented a danger to Plaintiff.

20.    Additional acts and omissions by Defendant, Pason Systems USA, Corp., may be presented at the time of trial.

21.    As a direct and proximate result of Defendant, Pason Systems USA, Corp.'s negligence, Plaintiff has suffered severe burns along with serious and disabling injuries to body in general.  In addition, Plaintiff has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

22.    As a result of the injuries sustained, Plaintiff has incurred reasonable and customary doctor and medical expenses for necessary medical treatment and there is a reasonable probability that Plaintiff will incur reasonable expenses for necessary medical care and attention in the future.

23.    Plaintiff has lost earnings in the past and will suffer from lost earning capacity in the future.

24.     As a result of his injuries, Plaintiff has been rendered unable to work and has suffered loss of earnings and loss of earning capacity which will continue into the future.

25.     By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

### H. NEGLIGENCE OF DEFENDANTS, BOS SOLUTIONS, INC.

26.     In addition to the other Counts herein, the incident made the basis of Plaintiff Victor Boyd's lawsuit was proximately caused by the negligence of  Defendant, BOS Solutions, Inc.  Defendant, BOS Solutions, Inc., owed a legal duty to Plaintiff of ordinary care which it breached by the following acts or omissions including, but not limited to, one or more of the following:

a.     Failing to act as a reasonably prudent person would have acted under the same or similar circumstances;

b.     Failing to provide a safe work environment;

c.     Failing to protect Plaintiff from work-related hazards;

d.     Failing to properly train its employees;

e.     Failing to implement appropriate safety polices;

f.     Improperly installing, monitoring and/or performing operations on the subject well location; and

g.     Improperly exercising control over a situation that it knew or should have known presented a danger to Plaintiff.

27.     Additional acts and omissions by Defendant, BOS Solutions, Inc., may be presented at the time of trial.

28.     As a direct and proximate result of Defendant, BOS Solutions, Inc.,'s  negligence, Plaintiff has suffered severe burns along with serious and disabling injuries to body in general.

In addition, Plaintiff has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

29.     As a result of the injuries sustained, Plaintiff has incurred reasonable and customary doctor and medical expenses for necessary medical treatment and there is a reasonable probability that Plaintiff will incur reasonable expenses for necessary medical care and attention in the future.

30.     Plaintiff has lost earnings in the past and will suffer from lost earning capacity in the future.

31.     As a result of his injuries, Plaintiff has been rendered unable to work and has suffered loss of earnings and loss of earning capacity which will continue into the future.

32.     By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

## I. NEGLIGENCE OF THE M-I SWACO DEFENDANTS

33.     In addition to the other Counts herein, the incident made the basis of Plaintiff Victor Boyd's lawsuit was proximately caused by the negligence of  Defendant, M-I SWACO. Defendant, M-I SWACO,  owed a legal duty to Plaintiff of ordinary care which it breached by the following acts or omissions including, but not limited to, one or more of the following:

    a.     Failing to act as a reasonably prudent person would have acted under the same or similar circumstances;

    b.     Failing to provide a safe work environment;

    c.     Failing to protect Plaintiff from work-related hazards;

    d.     Failing to properly train its employees;

    e.     Failing to implement appropriate safety polices;

       f.      Improperly installing, monitoring and/or performing operations on the subject well location; and

       g.      Improperly exercising control over a situation that it knew or should have known presented a danger to Plaintiff.

27.     Additional acts and omissions by Defendant, M-I SWACO, may be presented at the time of trial.

28.     As a direct and proximate result of Defendant, M-I SWACO's negligence, Plaintiff has suffered severe burns along with serious and disabling injuries to body in general. In addition, Plaintiff has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

29.     As a result of the injuries sustained, Plaintiff has incurred reasonable and customary doctor and medical expenses for necessary medical treatment and there is a reasonable probability that Plaintiff will incur reasonable expenses for necessary medical care and attention in the future.

30.     Plaintiff has lost earnings in the past and will suffer from lost earning capacity in the future.

31.     As a result of his injuries, Plaintiff has been rendered unable to work and has suffered loss of earnings and loss of earning capacity which will continue into the future.

32.     By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

## J. NEGLIGENCE OF DEFENDANT, HALLIBURTON

33.    In addition to the other Counts herein, the incident made the basis of Plaintiff Victor Boyd's lawsuit was proximately caused by the negligence of  Defendant, Halliburton. Defendant, Halliburton, owed a legal duty to Plaintiff of ordinary care which it breached by the following acts or omissions including, but not limited to, one or more of the following:

    a.    Failing to act as a reasonably prudent person would have acted under the same or similar circumstances;

    b.    Failing to provide a safe work environment;

    c.    Failing to protect Plaintiff from work-related hazards;

    d.    Failing to properly train its employees;

    e.    Failing to implement appropriate safety polices;

    f.    Improperly installing, monitoring and/or performing operations on the subject well location; and

    g.    Improperly exercising control over a situation that it knew or should have known presented a danger to Plaintiff.

34.    Additional acts and omissions by Defendant, Halliburton, may be presented at the time of trial.

35.    As a direct and proximate result of Defendant, Halliburton's negligence, Plaintiff has suffered severe burns along with serious and disabling injuries to body in general.   In addition, Plaintiff has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

36.    As a result of the injuries sustained, Plaintiff has incurred reasonable and customary doctor and medical expenses for necessary medical treatment and there is a

reasonable probability that Plaintiff will incur reasonable expenses for necessary medical care and attention in the future.

37.     Plaintiff has lost earnings in the past and will suffer from lost earning capacity in the future.

38.     As a result of his injuries, Plaintiff has been rendered unable to work and has suffered loss of earnings and loss of earning capacity which will continue into the future.

39.     By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

## K.  GROSS NEGLIGENCE OF DEFENDANTS

40.     In addition to the other Counts herein, Defendants are liable for their grossly negligent conduct.  In support thereof, Plaintiff asserts the following:

41.     The damages sustained by Plaintiff's were proximately caused, in whole or in part, by the negligence of Defendants, through its agents, servants, or employees.  Defendants did not install a gas sensor, but proceeded with conscious indifference to the rights, safety, and welfare of others, namely Plaintiff.  In addition, Defendants used substandard parts, including but not limited to the shakers, butterfly valves, and/or flow-line.

## L.  DAMAGES

42.     By reason of all the above and as a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a.     Physical pain, suffering and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

b.     Loss of wages in the past and future;

c.     Loss of earning capacity sustained in the past;

> d.   Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;
>
> e.   Physical impairment and disability sustained in the past;
>
> f.   Physical impairment and disability that, in reasonable probability, Plaintiff will sustain in the future;
>
> g.   Medical care expenses incurred in the past; and
>
> h.   Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

### M.  JURY DEMAND

43.   Plaintiff demands a jury trial and tenders the appropriate fee with his Complaint.

### N.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

a.   Actual damages and exemplary damages;

b.   Prejudgment and post-judgment interest as provided by law;

c.   Costs of Court; and

d.   Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

_____

GARRETT W. WILSON
State Bar No. 24051536
DOUGLAS C. MONSOUR
State Bar No. 00791289
404 North Green Street
Post Office Box 4209
Longview, Texas  75606
(903) 758-5757
(903) 230-5010 (fax)

ATTORNEYS FOR PLAINTIFF